# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIANE NIXON, et al., | * |
| Plaintiffs, | * |
| v. | *  Civil No. PJM-04-3556 |
| MONTGOMERY COUNTY, MARYLAND, et al., | * |
| Defendants. | * |

## MEMORANDUM OPINION

Before the Court, on remand from the Fourth Circuit, is a single state law claim for trespass brought by Plaintiffs Diane Nixon and her husband, William Clyde Lassell, (collectively "Nixon") against Defendant Kevin Martell. For the reasons set forth below, the Court DISMISSES the claim WITHOUT PREJUDICE.

On October 25, 2001, the Montgomery County Department of Housing and Community Affairs received a complaint concerning the Nixon property at 708 Ludlow Street, Silver Spring, Maryland. After visiting the property, Kevin Martell, a housing code inspector, determined that it was in violation of Chapter 58 of the County Housing Code. Nixon was notified that she had until November 5, 2001, to bring the property into compliance. On November 7, 2001, apparently without further notice, Martell entered the property with a work crew and proceeded to clean up the property. Nixon claims, however, that she had already brought the property into compliance with the Housing Code and that Martell and his crew destroyed healthy plants and removed a functional picnic table and wheel barrel.

Thereafter, Nixon filed this action against Martell, his supervisor, Linda Bird, and Montgomery County, Maryland, alleging violation of her rights to due process and freedom from unreasonable search and seizure under both the federal and Maryland constitutions, as well as conversion and trespass under Maryland state law.

This Court granted Defendants' Motion for Summary Judgment as to all counts and entered a Final Order of Judgment their favor. Nixon appealed to the Fourth Circuit, which affirmed the grant of summary judgment in favor of them as to Nixon's constitutional claims and her state law conversion claim but reversed this Court's grant of summary judgment as to Nixon's trespass claim. The Fourth Circuit stated that under Maryland state law, "in contrast to conversion, trespass can involve either 'an intentional *or negligent* intrusion upon or to the possessory interest in property of another.'" *Nixon, et al., v. Montgomery County, Maryland, et al.*, No. 06-1235, 2007 WL 2974007 at *10 (4th Cir. Oct. 12, 2007) *(quoting Ford v. Baltimore City Sheriff's Office*, 814 A.2d 127, 129 (Md. App. 2002) (emphasis added in original). Construing the facts in Plaintiffs' favor, the Fourth Circuit held that the complaint stated a trespass claim against Martell and remanded that claim to this Court.

Accordingly, the sole issue before this Court is Nixon's state law claim for trespass, over which the Court has pendent jurisdiction. *See* 28 U.S.C. § 1367; *see also* Black's Law Dictionary 856 (7th ed. 1999) ("[I]f a plaintiff brings suit in federal court claiming that the defendant, in one transaction, violated both a federal and a state law, the federal court has jurisdiction over the federal claim (under federal-question jurisdiction) and also has jurisdiction over the state claim that is pendent to the federal claim."). As articulated by the Fourth Circuit in *A.A. Webb v. Bladen*, 480 F.2d 306, 309 (1973), "although a federal court might have the power to adjudicate pendent state claims, it also has discretion to dismiss them without prejudice." *See also Nixon, et al., v.*

*Montgomery County, Maryland, et al.*, No. 06-1235, 2007 WL 2974007 at *10 (4th Cir. Oct. 12, 2007) ("On remand the district court may exercise its discretion to dismiss the state law claim against Martell, without prejudice, now that no federal claims remain.") (citing *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 726 (1966)) .

Insomuch as there are no federal claims remaining in this matter, the Court declines to exercise pendent jurisdiction, and Plaintiffs' claim for trespass is DISMISSED WITHOUT PREJUDICE.

A separate Order shall be entered.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

December 18, 2007